UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALETHA PASCASCIO-GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | No: 18 CV 8522 |
| | ) | |
| vs. | ) | |
| | ) | |
| LAKE COUNTY HOUSING AUTHORITY, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

COMPLAINT
AS AND FOR A FIRST COUNT OF ACTION
(Title VII-RACE DISCRIMINATION)

**Nature of the Action**

1 **ALETHA PASCASCIO-GORDON**, ("APG") brings this action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1990, 42 U.S.C.A. §§ 2000e et seq., ("ACT") venue jurisdiction under 28 U.S.C.A. § 1343 (4) and 42 U.S.C.A. § 2000e-5(f), for **LAKE COUNTY HOUSING AUTHORITY** ("LCHA") having subjected APG to race discrimination by failure to treat her the same as Caucasian employees despite APG's complaints about same.

**PARTIES**

2. APG, is a female African-American, having worked in a racially diverse office and is a resident of Round Lake Beach, Lake County, Illinois.

3. APG was an employee of LCHA until her wrongful termination on November, 15, 2017.

4. At all times relevant, LCHA has been and continues to be, a body politic.

5. LCHA is an employer within the meaning of the Civil Rights Act and 42 U.S.C.

2000(e) *et seq*., and has been at all times material to the allegations herein.

## FACTUAL BASIS

6. That APG was treated differently than non-African-American employees in that she was to excessive discipline while those not in her protected class were treated better.

7. Further, LCHA by its action or inactions of its agents based upon APG's complaints about her working conditions and failure to treated ger equally as others not in her protected class, which unreasonably interfered with the terms and conditions of APG's employment, which was based race which caused her to terminated from her position with LCHA. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by <u>inter alia</u> the Civil Rights Act of 1991.

8. By reason of the National Origin discrimination of LCHA, APG has suffered a loss of benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

9. The LCHA's violation of APG rights was willful and deliberate.

10. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed by APG against LCHA. (See Exhibit "A")

11. Plaintiff was sent a notice from the EEOC of her right to bring this action (see Exhibit "B") and Plaintiff timely filed this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

2. Provide reinstatement and injunctive relief to protect APG from the

unwarranted attacks by agents of the Defendant.

3. For compensatory damages of $300,000.00;

4. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

5. For such other and further relief as the court deems proper.

**ALETHA PASCASCIO-GORDON**

BY:**/S/ Michael T. Smith**
Michael T. Smith

Michael T. Smith
6180407IL
10 N. Martingale Road
Suite 400
Schaumburg, Illinois 60173
(847) 466-1099